UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
PRODIGY EDUCATION INC.,               :
             :
             :       Civil Action No. 25-cv-9626
Plaintiff,           :
             :
v.               :       **COMPLAINT**
             :
PRODIGY LEARNING LIMITED    :
and PRODIGY LEARNING (US) INC.    :
             :
Defendants.        :
---------------------------------------------------------------- x

Plaintiff Prodigy Education Inc. ("Plaintiff" or "Prodigy Education"), by and through its undersigned counsel, hereby submits its Complaint against defendants Prodigy Learning Limited ("Prodigy Learning") and Prodigy Learning (US) Inc. ("Prodigy Learning US") (collectively, "Defendants").

## NATURE OF THE ACTION

1.     This is an action brought under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for trademark infringement, false designation of origin, and unfair competition, and under the statutory and common law of the state of New York.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338 (civil action arising under any Act of Congress relating to trademarks), and 28 U.S.C. § 1367 (supplemental jurisdiction).

3.     This Court has personal jurisdiction over Defendants because they reside in and/or transact business within this state and in this judicial district and Prodigy Education's causes of action arise from transactions within this state and judicial district.

929798.2

4.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

5.      Plaintiff Prodigy Education is a corporation organized and existing under the laws of Canada with a principal place of business at 144 Front Street W, Suite 400, Toronto, Ontario, Canada.

6.      On information and belief, Defendant Prodigy Learning is a corporation organized and existing under the laws of Ireland with a place of business at Q House, Furze Road, Sandyford, Dublin 18, Ireland.

7.      On information and belief, Defendant Prodigy Learning US is a corporation organized and existing under the laws of Delaware with a place of business at 1450 Broadway, 15th Floor, New York, New York 10019. On information and belief, Prodigy Learning US is a wholly owned or controlled subsidiary of Prodigy Learning and acts in concert with Prodigy Learning in the United States.

## FACTUAL BACKGROUND

### A.    Prodigy Education

8.      Prodigy Education is a leading educational technology company that develops and distributes interactive, game-based learning platforms for students.

9.      Since 2011, Prodigy Education has offered its products - primarily focused on mathematics and English - to parents, teachers, and students in the United States, Canada, and other territories across the globe.

10.     Prodigy Education's products have been adopted in over 50% of all U.S. primary schools and are recognized for their effectiveness in supporting curriculum-based learning through adaptive, interactive gameplay.

B.    **Prodigy Education's Registered Trademarks and Service Marks**

11.    Since at least 2011, Prodigy Education has offered computer-game-based educational programs in mathematics, English, and other subjects to teachers, school systems, parents, and students throughout the United States and worldwide under the mark **PRODIGY** (the "PRODIGY Mark").

12.    Prodigy Education has extensively marketed and promoted its PRODIGY Mark.

13.    Prodigy Education owns the following valid and subsisting U.S. Trademark and Service Mark Registrations for its PRODIGY Mark:

| MARK | REG. NO. | GOODS/SERVICES |
|------|----------|----------------|
| PRODIGY | 5034235 | Educational services, namely, providing non-downloadable video games, computer games, video game software, and computer game software for mathematics instruction |
| PRODIGY | 7178670 | Educational services, namely, providing temporary use of non-downloadable educational games for children and educational software in the fields of mathematics, science, and English |

14.    Prodigy Education also owns trademark registrations and pending applications for its PRODIGY Mark in other territories, worldwide, including a pending application in the United States.

15.    Prodigy Education's PRODIGY Mark is widely recognized in the United States and worldwide as the identifier of Prodigy Education and its high-quality goods and services.

C.    **Prodigy Learning**

16.    On information and belief, Prodigy Learning is an education technology company founded in 2000 and based in Dublin, Ireland.

17.    Historically, Prodigy Learning has focused on providing digital skills certifications and learning solutions for office technologies such as Adobe, Autodesk, and Microsoft.

18.    On November 6, 2014, Microsoft purchased Mojang, a Swedish based game developer which owned the "Minecraft" franchise.

19.    Minecraft is a popular computer game that allows users to build and explore virtual worlds.

20.    While Prodigy Learning initially operated primarily in the United Kingdom and Ireland, they announced their entry into the U.S. educational market via a press release in 2019.

21.    Prodigy Learning US was incorporated in Delaware on May 20, 2020.

22.    Thereafter, Defendants launched their U.S. operations with their "Coding in Minecraft" program.

23.    "Coding in Minecraft" is a computer science credential program with supporting curriculum, delivered through Minecraft, that immerses students in a Minecraft world to develop and demonstrate their coding skills using MakeCode and JavaScript.

24.    In other words, when Defendants announced their "Coding in Minecraft" program, it shifted from providing skills certification and learning solutions to offering interactive, game-based learning programs, precisely the type of product that Prodigy Education provides.

25.    In addition to "Coding in Minecraft," Defendants now also offer and actively market other game-based learning programs including "Cyber in Minecraft" and "AI Ready Skills," which are marketed to K-12 school systems in the United States under the brand "Prodigy Learning" (the "Infringing Mark").

26.    Defendants promote these programs at the same national education technology conferences, in the same trade channels, and to the same decision makers (teachers, curriculum directors, and school administrators) that Prodigy Education targets.

D.    **Actual Consumer Confusion**

27.    Prodigy Learning's use of the Infringing Mark has led to documented instances of actual confusion.

28.    In January of 2024, at the Future of Education Technology Conference ("FETC"), at least two attendees approached Prodigy Education's booth seeking information about a conference session presented by Prodigy Learning.

29.    In June of 2024, at the ISTE Live 24 conference in Denver, Colorado, Prodigy Education's staff documented incidents of attendee confusion between Prodigy Education and Prodigy Learning.

30.    In January of 2025, at the FETC, conference staff mis-issued exhibitor badges intended for Prodigy Education to Prodigy Learning personnel.

31.    In addition, Sarah Welch, Prodigy Education's Chief Marketing Officer, has received multiple media and consumer inquiries intended for Prodigy Learning.

32.    Moreover, Prodigy Education has received multiple emails relating to Prodigy Learning through its general privacy email address.

33.    In July if 2025, Dr. Josh Prieur, Prodigy Education's Director, Educator Enablement, was traveling to the ISTE EdTech conference in San Antonio, Texas and was seated on a plane next to another conference attendee who inquired where Dr. Prieur worked. When Dr. Prieur mentioned that he was employed by Prodigy Education, the inquiring person responded, "oh, Prodigy, of course I've heard of you…you do Minecraft certifications with Microsoft," clearly confusing Defendants with Prodigy Education.

34.     At the November 2025 Georgia Educational Technology Conference, a person approached the Prodigy Education booth and asked questions about Prodigy Learning, demonstrating actual confusion.

35.     Also, on November 10, 2025, a school administrator from Texas contacted a Prodigy Education account executive, confused whether there was a need for a scheduled meeting between the administrator and Account Executive, because Prodigy Learning was already meeting with coordinators for the school or district.

36.     On information and belief, Defendants have actual knowledge of additional instances of consumer confusion as they expand their use of "Prodigy Learning" into markets and to customers where Prodigy Education operates.

37.     These episodes confirm that Defendants' use of the Infringing Mark is likely to— and in fact does—cause confusion, mistake, and deception as to the source, sponsorship, or affiliation of Defendants' products.

38.     Defendants have not filed, nor do they possess any U.S. applications to register or U.S. registration for PRODIGY, PRODIGY LEARING, or any other PRODIGY-formative marks for any goods or services.

39.     On information and belief, Defendants have been aware of Plaintiff and its PRODIGY Mark for years.

40.     Notwithstanding that knowledge, Defendants intentionally adopted and expanded use of the Infringing Mark in the very space where Prodigy Education's marks are strongest— game-based K-12 educational software.

41.     On May 14, 2025, counsel for Prodigy Education sent a demand letter to Defendants demanding, *inter alia*, that Defendants discontinue use of "Prodigy Learning" or any

other "Prodigy"-formative mark in connection with goods and services targeting the primary and secondary educational sectors.

42.     On June 17, 2025, counsels for Prodigy Education and Defendants participated in a conference call wherein, *inter alia*, counsel for Defendants refused to discontinue the use of "Prodigy Learning" and made several inaccurate statements including, but not limited to the fact that Prodigy Learning had been continuously operating in the U.S. far earlier than 2019.

43.     Defendants' refusal to rebrand after receiving Prodigy Education's detailed notice letter demonstrates willful disregard for Prodigy Education's rights.

44.     Despite Plaintiff's May 14, 2025 letter formally demanding that Defendants rebrand and follow-up call with Defendants' counsel, Defendants have refused and continue to infringe the PRODIGY Mark.

45.     Defendants' acts of infringement, unfair competition, and false designation of origin continue, including presenting sessions at major educational technology conferences under the "Prodigy" name, which causes ongoing confusion among educators and the public.

46.     To be clear, Prodigy Education has been providing services in the game-based learning space since 2011, long before Prodigy Learning ever entered the market.

47.     Defendants are not licensed to use the PRODIGY Mark in connection with any goods or services they offer.

48.     Defendants' statements have deceived and/or have the capacity to deceive a substantial segment of customers, who believe and/or are likely to believe Defendants' services are the same as or equivalent to Prodigy Education' services, or are sponsored by or affiliated with Prodigy Education, which is untrue.

49.    The foregoing statements are material, as they are likely to influence purchasing decisions.

50.    The foregoing statements are causing injury to Prodigy Education, because they diminish the value of Prodigy Education's reputation and goodwill that it has cultivated as a leading provider of computer-game-based educational programs.

### FIRST CAUSE OF ACTION
Federal Trademark Infringement (15 U.S.C. § 1114)
(Injunctive Relief and Damages)

51.    Prodigy Education incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 50.

52.    Defendants' unauthorized use in commerce of the PRODIGY Mark in connection with its advertising, marketing, and provision of its game-based learning programs, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection or association of Defendants' services, and is likely to cause consumers to mistakenly believe that Defendants' services have been authorized, sponsored, approved, endorsed, or licensed by Prodigy Education, or that Defendants are the same as or are in some way affiliated with Prodigy Education or the goods and services that Prodigy Education offers under its marks.

53.    On information and belief, actual confusion has occurred amongst consumers who have associated Defendants with Prodigy Education.

54.    Defendants' acts, alleged herein, constitute willful federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

55.    By reason of Defendants' actions, Prodigy Education has suffered irreparable harm to its valuable trademarks and service marks and the goodwill associated therewith. Prodigy

8

Education has been, and unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.

56.    As a direct and proximate result of Defendants' conduct, Prodigy Education has suffered and will continue to suffer damages in an amount to be proved at trial.

**SECOND CAUSE OF ACTION**
Trademark Infringement, False Designation of Origin and Unfair Competition
(15 U.S.C. § 1125(a)(1)(A))
(Injunctive Relief and Damages)

57.    Prodigy Education incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 56.

58.    Defendants' unauthorized use in commerce of the PRODIGY Mark in connection with its advertising, marketing, and provision of its game-based learning programs, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection or association of Defendants' services, and is likely to cause consumers to mistakenly believe that Defendants' services have been authorized, sponsored, approved, endorsed, or licensed by Prodigy Education, or that Defendants are the same as or are in some way affiliated with Prodigy Education or the goods and services that Prodigy Education offers under its marks.

59.    Defendants' acts, alleged herein, constitute trademark infringement, unfair competition, and false designation of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

60.    By reason of Defendants' actions, Prodigy Education has suffered irreparable harm to its reputation. Prodigy Education has been, and unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.

61.     As a direct and proximate result of Defendants' conduct, Prodigy Education has suffered and will continue to suffer damages in an amount to be proved at trial.

### THIRD CAUSE OF ACTION
Trademark Infringement, Unfair Competition, and False Designation of Origin
Under New York Law
(Injunctive Relief and Damages)

62.     Prodigy Education incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 61.

63.     Prodigy Education owns common law trademark rights in the PRODIGY Mark for a variety of goods and services.

64.     Defendants have had both actual and constructive knowledge of Prodigy Education's superior rights in the PRODIGY Mark.

65.     Defendants have used, are using, and have caused others to use Prodigy Education's PRODIGY Mark in connection with the advertising, promotion, and sale of their goods and services without Prodigy Education's authorization.

66.     Through Defendants' unauthorized use, Defendants unfairly appropriated or exploited the special qualities associated with Prodigy Education's PRODIGY Mark, resulting in the misappropriation of a commercial advantage belonging to Prodigy Education.

67.     Defendants' unauthorized use of Prodigy Education's PRODIGY Mark has caused and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association with, or sponsorship or approval by, Prodigy Education, in violation of New York law.

68.     Defendants' unlawful conduct was knowing, deliberate, willful, and in bad faith and done with the intent to trade on the goodwill and reputation of Prodigy Education and its PRODIGY Mark and to deceive consumers into believing that Prodigy Education was connected with Defendants' goods and services.

69.     By reason of Defendants' actions, Prodigy Education has suffered irreparable harm to its reputation. Prodigy Education has been, and unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.

70.     As a direct and proximate result of Defendants' conduct, Prodigy Education has suffered and will continue to suffer damages in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION
Trademark Dilution in Violation of N.Y. Gen. Bus. Law § 360-l
(Injunctive Relief and Damages)

71.     Prodigy Education incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 70.

72.     Prodigy Education owns the distinctive PRODIGY Mark.

73.     Defendants have used, are using, and have caused others to use the PRODIGY Mark without Prodigy Education's authorization.

74.     Defendants' unauthorized use of the PRODIGY Mark has impaired and damaged and is likely to impair and damage the distinctiveness of the PRODIGY Mark by causing the public to no longer associate that mark exclusively with the goods and services offered by Prodigy Education and its licensees, which constitutes dilution by blurring in violation of N.Y. Gen. Bus. Law. Section 360-l.

75.     Defendants' unlawful conduct was and is knowing, deliberate, willful, and in bad faith and done with the intent to trade on the goodwill and reputation Prodigy Education and its PRODIGY Mark, to impair the distinctiveness of that mark, and to deceive consumers into believing that Prodigy Education was connected with Defendants' goods and services.

76.     By reason of Defendants' actions, Prodigy Education has suffered irreparable harm to its reputation. Prodigy Education has been, and unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.

11

77.    As a direct and proximate result of Defendants' conduct, Prodigy Education has suffered and will continue to suffer damages in an amount to be proved at trial.

### PRAYER FOR RELIEF

WHEREFORE, Prodigy Education respectfully requests the following relief:

A.    That Defendants, their affiliates, officers, directors, agents, representatives, attorneys, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or participation therewith, be preliminarily and permanently enjoined from:

    i.    using the PRODIGY Mark, PRODIGY LEARNING, or any confusingly similar mark or colorable imitation thereof in connection with the promotion, advertisement, display, sale, or distribution of any goods or services offered by Defendants or any of its affiliates;

    ii.    performing any act, making any statement, or distributing any materials that are likely to lead members of the public to believe that any goods or services Defendants provide are associated or connected with Prodigy Education, or are sold, licensed, sponsored, approved, or authorized by Prodigy Education;

    iii.    otherwise taking any action likely to cause public confusion, mistake, or deception as to the connection, affiliation, sponsorship, approval, or other association of Defendants' goods or services with Prodigy Education or its goods or services;

B.    For an order awarding damages pursuant to 15 U.S.C. § 1117 and New York law, including but not limited to Defendants' profits associated with its sale of goods or services in

connection with the PRODIGY Mark, Prodigy Education's damages and costs, and treble damages as permitted thereunder;

C.    For an order directing Defendants to file with this Court, and serve upon Prodigy Education's counsel within thirty days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which it has complied with such judgment;

D.    For an award of Prodigy Education's costs and disbursements incurred in this action;

E.    For an order awarding attorneys' fees for violation of the Lanham Act and New York law, or as otherwise allowed by law or equity;

F.    For an award of interest, including prejudgment and post judgment interest at the statutory rate; and

G.    Any other additional relief as the Court deems just and proper.

Date:  November 18, 2025          Respectfully submitted,
New York, New York

  /s/ Karim Sabbidine
Karim Sabbidine
Thompson Hine LLP
300 Madison Avenue, 27th Floor
New York, New York, 10017
T:  212.908.3944
F:  212.344.6101
Karim.Sabbidine@ThompsonHine.com

*Of Counsel:*
Carrie A. Shufflebarger*
Thompson Hine LLP
312 Walnut Street, Suite 2000
Cincinnati, Ohio, 45202
T:  513.352.6700
F:  513. 241.4771
Carrie.Shufflebarger@ThompsonHine.com

*Counsel will file a motion for admission *pro hac vice*.